SAND v. BORMAN et al.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

PLEADING (§§ 275, 280*)—SUPPLEMENTAL ANSWER—RIGHT TO FILE—CONTENTS.

 A party has an absolute right to serve a supplemental pleading, to allege material facts which have occurred after the original pleading was served, under the express provisions of Code Civ. Proc. § 544; and, where an original answer averred the pendency of a suit between the same parties involving the same matters, defendant could file a supplemental answer, averring a final adjudication in that suit in defendant's favor since the filing of the original answer, and in support of that averment set forth more in detail the history of that suit and the issues involved and determined, though such other averments were within his knowledge when the original answer was drawn.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 833, 842–846; Dec. Dig. §§ 275, 280.*]

Appeal from Special Term, Kings County.

Action by Frances H. Sand against Adolph H. Borman and Stephen V. White. From an order denying a motion to file a supplemental answer, defendant White appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Stephen V. White, pro se.
Gilbert D. Lamb, for respondent.

MILLER, J. This is an appeal from an order denying the motion of the defendant White to file a supplemental answer, pursuant to section 544 of the Code of Civil Procedure. The plaintiff sues to recover money deposited with the defendants, brokers, for investment, together with certain profits claimed to have been made thereon. The original answer of the appellant, among other things, averred the pendency of a suit between the same parties involving the same matters. The proposed supplemental answer avers a final adjudication in that suit in the defendant's favor since the filing of the original answer, and sets forth more in detail the history of that suit and the issues involved and determined.

The respondent cites cases upon the proposition that a party will not be permitted to amend a pleading for the purpose of setting up facts within his knowledge when the original pleading was served, without showing some excuse or reason for not having alleged them in the original pleading; but those cases have no application to the matter before us. A party has an absolute right to serve a supplemental pleading for the purpose of alleging material facts which occurred after the original pleading was served; and, in this case, the adjudication which the appellant desires to plead was made after the original answer was served. The application was for leave to serve a supplemental, not an amended, pleading. While the proposed supplemental answer does contain averments of facts which must have been within the knowledge of the appellant when the original answer was drawn, if he has the right to file a supplemental answer for the purpose of pleading the adjudication in the other action in bar, we can see no objection to his being permitted to make such averments as he deems necessary in support of that plea. As a rule, parties are permitted to put their pleadings in such shape as they desire. The respondent has not attacked the sufficiency of the proposed supplemental answer, and therefore we do not pass upon it.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.